# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WARREN SCOTT**                                                **CIVIL ACTION**

**VERSUS**                                                      **NO. 19-659-SDD-SDJ**

**THE ROMAN CATHOLIC CHURCH
DIOCESE OF BATON ROUGE, et al.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 18, 2020.

*[signature]*

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WARREN SCOTT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-659-SDD-SDJ** |
| **THE ROMAN CATHOLIC CHURCH DIOCESE OF BATON ROUGE, et al.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Request for Consideration to Keep Case Under Seal (R. Doc. 31), filed by *pro se* Plaintiff Warren Scott.[1]

**I.   BACKGROUND**

On September 22, 2020, this Court granted a Joint Stipulation of Dismissal with Prejudice (R. Doc. 28), thereby dismissing this litigation.  Plaintiff subsequently filed the instant motion, referencing the portion of the General Order of this Court, issued when a case is closed, which provides:

> [A]ll pleadings and other papers filed under seal in civil and criminal actions shall be maintained under seal for thirty days following final disposition of the action. After that time, all sealed pleadings and other papers shall be placed in the case record unless a District Judge or Magistrate Judge, upon motion and for good cause shown, orders that the pleading or other paper be maintained under seal.

---

[1] A magistrate judge may dispose of any non-dispositive "pretrial" motion by order. See 28 U.S.C. § 636(b)(1)(A). Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge also may refer dispositive motions and certain enumerated post-trial motions to a magistrate judge for a Report and Recommendation. The list of post-trial matters in § 636(b)(1)(A)-(B) does not include a motion to seal the record.  However, a district judge may refer other matters "as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). A pretrial motion to seal is not dispositive. However, out of an abundance of caution based on the fact that this case has been dismissed, the undersigned addresses the pending motion by Report and Recommendation rather than by Order.

(R. Doc. 29 at 1). In his motion, Plaintiff requests "that the Court would consider keeping the entire pleading under seal, if possible."[2] No opposition has been filed.

In support of his request, Plaintiff claims that he has "been impacted by the COVID-19 Pandemic" and is "experiencing economic hardship."[3] Plaintiff further asserts that he is "seeking new employment" and thinks he "would be prejudiced by prospective employers finding out [he] filed a lawsuit against the Defendants."[4] He seeks to have "this case kept from public view now that it is dismissed" so he can "enjoy privacy and a fresh start."[5]

## II.   LAW AND ANALYSIS

"The decision to seal a record 'must be made in light of the strong presumption that all trial proceedings should be subject to scrutiny by the public'." *Craig v. Our Lady of the Lake Reg'l Med. Ctr.*, No. 15-814, 2017 WL 4228761, at *3 (M.D. La. Sept. 22, 2017) (quoting *U.S. v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010)) (internal quotations omitted). This court has noted that "[t]he general rule is that Court records are to be open and accessible to the public." *Trafficware Group, Inc. v. Sun Indus., LLC*, No. 15-106, 2017 WL 2369376, at *1 (M.D. La. May 30, 2017). "The right to public access 'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness'." *Id.* (quoting *Holy Land Found.*, 624 F.3d at 689). While a court "may deny access to records if the records become a vehicle for improper purposes," it "must use caution in exercising its discretion to place records under seal." *Holy Land Found.*, 624 F.3d at 689. The Fifth Circuit has instructed that a "district court's discretion to seal the record of judicial proceedings is to be exercised charily ..."

---

[2] R. Doc. 31 at 1.
[3] *Id.*
[4] *Id.*
[5] *Id.*

*Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987). "The party seeking to overcome the presumption of public access bears the burden to show that its privacy interests outweigh the presumption, and the court should construe any doubt in favor of disclosure." *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. 14-2264, 2015 WL 13534251, at *2 (E.D. La. Aug. 12, 2015) (citing *Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007)).

    Here, the Court finds that Plaintiff has not "overcome the presumption of openness."[6] Plaintiff, who instigated the litigation, expresses concern about *potential* harm to his reputation that *may* affect potential employment, but does not assert, and provides no evidence to support, that public access to his lawsuit has adversely affected any potential employment opportunities. Courts have found that harm to reputation, conclusory allegations of injury, and retaliation against litigious employees by employers are all insufficient to warrant sealing a case. *See Macias v. Aaron Rents, Inc.*, 288 Fed.Appx. 913, 915 (5th Cir. 2008) (upholding district court's denial of Plaintiff's motion to seal his employment discrimination case, finding that Plaintiff's arguments, including "the potential for employer retaliation against litigious employees," "could apply to nearly all cases filed in the federal courts" and did not warrant sealing the case); *Ossoski v. Carespring Healthcare Holdings, Inc.*, No. 15-388, 2020 WL 6334463, at *1 (S.D. Ohio Oct. 29, 2020) ("[a] party's fear of embarrassment or harm to reputation does not provide grounds for sealing a public record" and "[t]hat includes a fear of a negative impact on future employment"); *Kiwewa v. Postmaster Gen. of U.S.*, No. 18-3807, 2019 WL 4122013, at *2 (6th Cir. Mar. 26, 2019) ("Harm to reputation is insufficient to overcome the strong presumption in favor of public access, especially where, as here, the party who filed the suit alleges harm from the public availability of the record."); *In re Southeastern Milk Antitrust Litig.*, 666 F.Supp.2d 908, 915 (E.D.

---

[6] *See Kiwewa v. Postmaster Gen. of U.S.*, No. 18-3807, 2019 WL 4122013, at *1 (6th Cir. Mar. 26, 2019) ("The movant bears the heavy burden of overcoming the presumption of openness.").

Tenn. 2009) ("neither harm to reputation of the producing party nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access").

### III. CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Request for Consideration to Keep Case Under Seal (R. Doc. 31) be **DENIED**.

Signed in Baton Rouge, Louisiana, on November 18, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**